UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ALTON ANTHONY FOSTER,

Plaintiff,

v. Case No. 3:26-cv-4889-MW-HTC

BLACKWATER CORRECTIONAL INSTITUTION, et al.,

Defendants.
_________________________________/

REPORT AND RECOMMENDATION

Plaintiff Alton Anthony Foster, a prisoner proceeding *pro se* and *in forma pauperis*, has filed an amended complaint under 42 U.S.C. § 1983 against two Defendants at Blackwater River Correctional Facility ("BRCF"). Doc. 6. Upon review, the undersigned finds the amended complaint fails to state a claim and should be DISMISSED without prejudice and without further leave to amend.

## I. BACKGROUND

Foster sues two BRCF officers: Sergeant Banner, and an unnamed "correctional officer."[1] The following facts in their entirety are taken from Foster's amended complaint and accepted as true for purposes of this Report and Recommendation.

---

[1] Foster identifies these Defendants in the "Parties" section of the amended complaint, but did not identify any parties in the case style.

> December 3rd while Miss Hill was walking around the pod or wing, I had asked her if I could go to a physic cell because I was having a very bad day and I had tears in my eyes and she told me No! I don't understand I told her I'm trying to let you know I'm having a hard day for some reason. So I went back to my room and thats when she really started to calling me all kinds of names for know reason. So I asked her again around a hour later, and she said No once again. I just left her alone until 6:45pm. I had come to her one last time trying to go physic to be placed by myself for a little while. She said no once again and slammed the door in his face. That is when I cut myself and she sprayed me with a whole can of mase and then stomped me like a dog or some kind of animal I guess this is when she push the Button on her side and that's when the team came in to the play.

Doc. 6 at 5-6.

Based on the above facts, Foster claims his Eighth Amendment rights have been violated and seeks $500,000 in pain and suffering for a misplaced jaw and broken teeth. *Id.* at 7.

## II. LEGAL STANDARD

Because Foster is a prisoner proceeding *in forma pauperis* and seeking relief from government employees, the Court must dismiss his complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). To state a claim, Foster must plead factual content allowing the Court to draw the reasonable inference the Defendants are liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must liberally construe *pro se* allegations,

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), but conclusory allegations and legal conclusions couched as factual allegations are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 681; *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## III. DISCUSSION

Foster filed the initial complaint in this case on or about August 4, 2026. Doc. 1. After screening the complaint, the undersigned determined it "wholly fail[ed] to comply with Rule 8" of the Federal Rules of Civil Procedure and issued a deficiency order to Foster, with an opportunity to amend. Doc. 5 at 5 ("August 12 Order"). However, as discussed below, Foster's amended complaint fares no better. It continues to violate Rule 8 and fails to state a claim against the named Defendants.

In the August 12 Order, after reciting the requirements under Rule 8, the undersigned directed Foster to "identify the day, month, and year in which the relevant events occurred because events occurring more than four years before the filing of the complaint may be barred by the applicable statute of limitations." Doc. 5 at 2 n.3 (citing *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003)). Nonetheless, the amended complaint does not identify the year the alleged events occurred. Doc. 6 at 5.

Similarly, the August 12 Order directed Foster that he needed to allege specific facts against Banner or omit Banner as a Defendant. *See* Doc. 5 at 5. The amended complaint, however, continues to be devoid of any factual allegations

Page 4 of 6

relating to Banner. And instead of identifying any defendants in the "statement of claims," Foster generally refers to conduct by "the correctional officers, sgt, and staff" at BRCF. The August 12 Order, however, informed Foster he could not lump multiple defendants together.

Under Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of the Rule is to ensure that defendants have notice of what the plaintiff contends they did wrong. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, a complaint should provide the "what, when, where, and how" giving rise to liability. Conclusory allegations of wrongdoing are insufficient to meet the requirements of Rule 8. *See Farrukh v. Univ. of S. Fla. Bd. of Trs.*, 2021 WL 734586, at *2 (M.D. Fla. Feb. 25, 2021) (agreeing with magistrate judge that "'conclusory allegations of wrongdoing' absent any specific factual support" violate Rule 8). Complaints "replete with conclusory, vague and immaterial facts" and which "assert[] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions" are two types of pleadings the Eleventh Circuit has identified as improper "shotgun" pleadings. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322-23 (11th Cir. 2015).

Here, the amended complaint again wholly violates Rule 8. It "contains no facts involving any named defendants." *See Williams v. Hancock et al.*, Case No. 4:21-cv-194-RH-MAF (N.D. Fla. May 25, 2021). It fails to put any of the named Defendants on notice of what they did or when the offending conduct occurred. *See Bell Atl. Corp.*, 550 U.S. at 555. And it improperly lumps multiple defendants together. *See W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 387 F. App'x 81, 86 (11th Cir. 2008) (noting that in a case with multiple defendants, a plaintiff should avoid "lumping" the defendants together because doing so makes it difficult to "ascertain exactly what the plaintiff is claiming").

Because the amended complaint is a shotgun pleading, which violates Rule 8 and fails to state a claim, it should be dismissed. And because the Court put Foster on notice of the deficiencies with his original complaint and he failed to fix those deficiencies, no further opportunity to amend should be allowed.

## IV. CONCLUSION

Accordingly, it is RECOMMENDED that:

1. Foster's amended complaint (Doc. 6) be DISMISSED without prejudice for failure to state a claim.

2. The clerk close the case.

At Pensacola, Florida this 2nd day of September, 2026.

*/s/ Hope Thai Cannon*

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.